**EXHIBIT "A"**

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND RETURN OF SERVICE 223J46030 | CASE NO. 14-015800-NF |
|---|---|---|

2 Woodward Ave., Detroit MI 48226      Court Telephone No. 313-224-2415

**THIS CASE IS ASSIGNED TO JUDGE**    Muriel Hughes    **Bar Number:** 36362

| Plaintiff | Defendant |
|---|---|
| OAKWOOD HEALTHCARE, INC. (Brian Bear) | STATE FARM MUTUAL AUTOMOBILE INSURANCE COM |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Bruce K. Pazner, P-39913<br>15200 E Jefferson Ave Ste 104<br>Grosse Pointe Park, MI 48230-2055 | |

SFCC RECEIVED DEC 15 2014

| CASE FILING FEE | JURY FEE |
|---|---|
| [X] Case Filing Fee - $150.00 | [ ] Jury Fee - $85.00 |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 12/11/2014 | 3/12/2015 | File & Serve Tyler |

*This summons is invalid unless served on or before its expiration date.    CATHY M. GARRETT - WAYNE COUNTY CLERK

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

X   There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

__   A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

__   There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

__   An action within the jurisdiction of the family division of circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket No. | Judge | Bar No. |
|---|---|---|
| | | |

The action [ ] remains [ ] is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date 12/11/14      Signature of attorney/plaintiff

COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.
If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

DB

STATE OF MICHIGAN    223V46030

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

OAKWOOD HEALTHCARE, INC.
(Brian Bear),

        Plaintiff,

-vs-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.
_____/

Case No. 14-    NF
Hon.

14-015800-NF
FILED IN MY OFFICE
WAYNE COUNTY CLERK
12/11/2014 3:34:21 PM
CATHY M. GARRETT

**BRUCE K. PAZNER P39913**
**JOSHUA S. HAVENS  P75678**
**MARTIN A. HOGG  P76312**
Attorneys for Plaintiff
15200 E. Jefferson Avenue, Suite 104
Grosse Pointe Park, MI 48230
(313) 822-2244 / FAX: 6097
bruce@paznerlaw.com
_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge.

/s/ Bruce K. Pazner
BRUCE K. PAZNER (P39913)

## COMPLAINT

NOW COMES Plaintiff, **OAKWOOD HEALTHCARE, INC.**, by and through its

attorney, **BRUCE K. PAZNER, P.C.**, and for its Complaint states as follows:

### COUNT I - BREACH OF CONTRACT

1.    That Plaintiff, OAKWOOD HEALTHCARE, INC., is a medical care provider conducting business in City of Dearborn, County of Wayne, State of Michigan.

22 3V46030

2. That Defendant conducts a regular and systematic part of its business in the County of Wayne, State of Michigan.

3. That the amount in controversy is within the jurisdiction of this Court by reason of a claim of damages in an amount in excess of $25,000.

4. That on or about February 7, 2014, Brian Bear was an occupant of a motor vehicle involved in a accident and sustained accidental bodily injuries within the scope of MCLA 500.3105, et seq.

5. That Brian Bear, pursuant to MCLA 500.3114, qualifies for the payment of no-fault benefits from Defendant.

6. That pursuant to MCLA 500.3114, Defendant is first in order of priority for payment of no-fault benefits incurred by Brian Bear under claim number 22-3V46-030.

7. That Plaintiff has incurred medical expenses in an amount in excess of $25,000 for the treatment, care, and recovery of Brian Bear associated with injuries sustained in an automobile accident.

8. That pursuant to the contractual and statutory duties owed to Brian Bear, Defendant owes all medical bills incurred by Plaintiff relative to medical services it provided to Brian Bear.

9. That Defendant has refused to pay Plaintiff No-Fault benefits pursuant to the No-Fault Act and is, therefore, in breach of contract.

10. That reasonable proof for full payment of all personal protection insurance benefits has been supplied by Plaintiff to Defendant.

## COUNT II - DECLARATORY RELIEF     223V46030

11. That Plaintiff repeats and incorporates herein all preceding paragraphs as though more fully set forth herein.

12. That, furthermore, a declaration of rights between the parties is needed to determine:

   a. The applicability of the No-Fault Act to the claims of the Plaintiff;

   b. The amount of medical expenses, No-Fault interest, actual attorney fees and other benefits owed to the Plaintiff;

   c. Whether there is a dispute between two or more automobile insurers concerning their obligation to provide coverage for the equitable distribution of the loss pursuant to MCLA 500.3172;

   d. Such other determinations, orders or judgments as are necessary to fully adjudicate the rights of the parties.

WHEREFORE, Plaintiff, **OAKWOOD HEALTHCARE, INC.**, seeks damages in excess of $25,000, plus attorney fees pursuant to MCLA 500.3148 and interest pursuant to MCLA 500.3142.

/s/ Bruce K. Pazner
BRUCE K. PAZNER (P39913)
Attorney for Plaintiff
15200 E. Jefferson Avenue, Suite 104
Grosse Pointe Park, MI 48230
(313) 822-2244

Date: December 11, 2014

