**EXHIBIT "B"**



🔴 Warning
As of: February 16, 2015 8:50 AM EST

## *Moody v. Home Owners Ins. Co.*

Court of Appeals of Michigan

February 25, 2014, Decided

No. 301783, No. 301784, No. 308723

**Reporter**
304 Mich. App. 415; 849 N.W.2d 31; 2014 Mich. App. LEXIS 364; 2014 WL 714879

CHARLES MOODY, Plaintiff, and GET WELL MEDICAL TRANSPORT, PROGRESSIVE REHAB CENTER, and CAROL REINTS, INC, Plaintiffs-Appellants, v HOME OWNERS INSURANCE COMPANY, Defendant-Appellee.CHARLES MOODY, Plaintiff-Appellant, and GET WELL MEDICAL TRANSPORT, PROGRESSIVE REHAB CENTER, and CAROL REINTS, INC, Plaintiffs, v HOME OWNERS INSURANCE COMPANY, Defendant-Appellee.LINDA C. HODGE, Plaintiff-Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

**Subsequent History:** Held in Abeyance at, Sub nomine at *Hodge v. State Farm Mut. Auto. Ins. Co., 853 N.W.2d 334, 2014 Mich. LEXIS 1701 (Mich., 2014)*

Appeal granted by *Moody v. Home Owners Ins. Co., 497 Mich. 866, 853 N.W.2d 331, 2014 Mich. LEXIS 1703 (2014)*

Appeal dismissed by, Motion granted by *Moody v. Home Owners Ins. Co., 2015 Mich. LEXIS 230 (Mich., Feb. 4, 2015)*

Appeal granted by *Hodge v. State Farm Mut. Auto. Ins. Co., 2015 Mich. LEXIS 231 (Mich., Feb. 4, 2015)*

Appeal dismissed by *Moody v. Home Owners Ins. Co., 2015 Mich. LEXIS 232 (Mich., Feb. 4, 2015)*

**Prior History:** [***1] Wayne Circuit Court. LC No. 10-006722-AV. Wayne Circuit Court. LC No. 10-006722-AV. Wayne Circuit Court. LC No. 10-012109-AV.
*Moody v. Home Owners Ins. Co., 812 N.W.2d 771, 2012 Mich. LEXIS 745 (Mich., 2012)*
*Hodge v. State Farm Mut. Auto. Ins. Co., 493 Mich. 937, 826 N.W.2d 730, 2013 Mich. LEXIS 221 (2013)*
*Moody v. Home Owners Ins. Co., 491 Mich. 923, 812 N.W.2d 770, 2012 Mich. LEXIS 744 (2012)*

## Core Terms

providers', district court, circuit court, subject-matter, limited jurisdiction, cases, amount in controversy, parties, consolidated, damages, jurisdictional, exceeded, benefits, claim for damages, no-fault, court rule, subject matter, new trial, fair trial, pleadings, void, court's jurisdiction, district court judge, lack of jurisdiction, presenting evidence, appellants', Dictionary, reversal, insurer, allegations

## Case Summary

### Overview

HOLDINGS: [1]-Subject matter jurisdiction was lacking under *MCL 600.8301(1)* in consolidated motor vehicle accident cases where relief ostensibly within the district court's jurisdictional limits was requested but, at trial, an amount of damages much greater than the jurisdictional limit was placed in dispute through evidence and

304 Mich. App. 415, *415; 849 N.W.2d 31, **31; 2014 Mich. App. LEXIS 364, ***1

argument; [2]-Accordingly, the district court should have either transferred each case to the circuit court pursuant to *MCR 2.227(A)(1)* or dismissed each case pursuant to *MCR 2.116(C)(4)*; [3]-The error was not waivable and, in any event, the defense preserved it; [4]-Medical providers' claims and the injured party's claims for no-fault benefits based on the same accidental injuries had to be aggregated in determining compliance with the jurisdictional limit; [5]-Wrong and irrelevant comments by counsel independently warranted reversal and remand for a new trial.

**Outcome**

Orders affirmed.

## LexisNexis® Headnotes

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Amount in Controversy

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Amount in Controversy

***HN1*** See *MCL 600.8301(1)*.

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

Civil Procedure > Appeals > Standards of Review > De Novo Review

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

Civil Procedure > Appeals > Standards of Review > De Novo Review

***HN2*** Whether a district court has subject-matter jurisdiction on the facts presented is a question of law reviewed de novo.

Civil Procedure > Appeals > Standards of Review > De Novo Review

Civil Procedure > Appeals > Standards of Review > De Novo Review

***HN3*** The interpretation and application of both statutes and court rules are questions of law that are reviewed de novo.

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Amount in Controversy

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Amount in Controversy

***HN4*** Nothing in *MCL 600.8301(1)*, *MCR 2.227(A)(1)*, or *MCR 2.116(C)(4)*, requires that a court limit its jurisdictional query to the amount in controversy alleged in the pleadings.

Governments > Courts > Rule Application & Interpretation

Governments > Legislation > Interpretation

Governments > Courts > Rule Application & Interpretation

Governments > Legislation > Interpretation

***HN5*** Principles of statutory construction apply to both statutes and court rules. The primary goal of statutory interpretation is to ascertain and give effect to the Legislature's intent as expressed by the language of the statute. Similarly, the language used in a court rule and its place within the organization of the Michigan Court Rules is important. Thus, when addressing how to construe a statute or a court rule, one must first look to the language used and give the words their plain and ordinary meaning unless defined otherwise. In this regard, when words are undefined, one may properly consult a dictionary concerning their plain and ordinary meaning. When the language used in a court rule or statute is clear and unambiguous, no further interpretation is either necessary or permitted. The overarching rule of statutory construction is that a court must enforce clear and unambiguous statutory provisions as written. Furthermore, when a court interprets a statute, it may not read anything into an unambiguous statute that is not within the Legislature's manifest intent as derived from the words used in the statute itself.

304 Mich. App. 415, *415; 849 N.W.2d 31, **31; 2014 Mich. App. LEXIS 364, ***1

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Amount in Controversy

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Amount in Controversy

*HN6* The circuit court is the primary court in Michigan having jurisdiction over civil cases. *MCL 600.605* provides: Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of the state. *MCL 600.8301(1)* provides for an exception for bringing civil actions in district court when the amount in controversy does not exceed $25,000.00. The phrase "amount in controversy" and the word "controversy" are not defined by statute or Michigan case law. The word "amount" clearly refers to a dollar value because the district court's jurisdictional limit is stated in the dollar value of $25,000. The plain and ordinary meaning of "controversy" is confirmed by consulting a dictionary, which defines it as a usually prolonged public dispute concerning a matter of opinion. Amount in controversy refers to the damages claimed or relief demanded by the injured party in a lawsuit. Accordingly, the plain, ordinary, and legal meaning of "amount in controversy" under *MCL 600.8301(1)* is the amount the parties to a lawsuit dispute, argue about, or debate during the litigation.

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Amount in Controversy

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Amount in Controversy

*HN7* While the amount in controversy in a lawsuit will most often be determined by reviewing the amount of damages or injuries a party claims in his pleadings, *MCL 600.8301(1)* does not explicitly state this. Indeed, the statute does not provide a preferred or any method for determining the amount in controversy.

Governments > Legislation > Interpretation

Governments > Legislation > Interpretation

*HN8* A court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself.

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Amount in Controversy

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Amount in Controversy

*HN9* The amount in controversy under *MCL 600.8301(1)* is the dollar value of the amount that is disputed in the lawsuit, the amount that the parties argue about, debate, or, stated otherwise, the amount that the parties controvert.

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Amount in Controversy

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Amount in Controversy

*HN10* What the plaintiff alleges he will be able to prove at trial, not what the factfinder later determines (or the amount entered in a judgment), establishes the amount in controversy for the purpose of determining the court's subject matter jurisdiction. The rule requiring the determination of the jurisdictional amount based on the plaintiff's allegations does not support a plaintiff's artfully pleading a claim for relief ostensibly within the limits of the district court's subject matter jurisdiction but then placing in dispute through evidence and argument at trial an amount of damages much greater than the court's jurisdictional limit. Furthermore, a contention that the subject matter jurisdiction of the court can be determined by the amount ultimately awarded by the court, i.e., by limiting judgment to the jurisdictional amount, is contrary to the long-standing rule of determining the subject matter jurisdiction of the court by the amount in controversy before a trial and the determination of the facts by a judge or jury. Jurisdiction is

304 Mich. App. 415, *415; 849 N.W.2d 31, **31; 2014 Mich. App. LEXIS 364, ***1

determined based on the amount claimed before the facts are determined.

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

*HN11* A court is continually obliged to question sua sponte its own jurisdiction over a person, the subject matter of an action, or the limits of the relief it may afford.

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

Civil Procedure > Preliminary Considerations > Venue > General Overview

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

Civil Procedure > Preliminary Considerations > Venue > General Overview

*HN12* See *MCR 2.227(A)(1)*.

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

Civil Procedure > Preliminary Considerations > Venue > General Overview

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

Civil Procedure > Preliminary Considerations > Venue > General Overview

*HN13* *MCR 2.227(A)(1)* provides no particular manner in which a court determines that it lacks jurisdiction of the subject matter of the action. Rather, it only provides that if the court acts sua sponte regarding its determination, the parties must be given notice and an opportunity to be heard on the jurisdictional issue. Further, the court rule plainly requires that the court may consider matters other than the pleadings when considering whether it has subject matter jurisdiction and whether it must either dismiss or transfer a case to a court having jurisdiction. *MCR 2.227(A)(1)* does

not restrict a court in its jurisdictional determination to a review of the pleadings, and such a requirement may not be read into the rule when not derived from its manifest intent as evidenced by the words of the rule itself.

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

Civil Procedure > Judgments > Summary Judgment > Partial Summary Judgment

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

Civil Procedure > Judgments > Summary Judgment > Partial Summary Judgment

*HN14* *MCR 2.116(C)(4)* provides that summary disposition may be entered where the court lacks subject matter jurisdiction. A motion brought on the grounds of lack of subject matter jurisdiction may be brought at any time. *MCR 2.116(D)(3)*. The determination whether the court has jurisdiction when a motion under *MCR 2.116(C)(4)* is brought is explicitly not restricted to the pleadings alone.

Civil Procedure > Judgments > Summary Judgment > Partial Summary Judgment

Civil Procedure > ... > Summary Judgment > Supporting Materials > General Overview

Civil Procedure > Judgments > Summary Judgment > Partial Summary Judgment

Civil Procedure > ... > Summary Judgment > Supporting Materials > General Overview

*HN15* See *MCR 2.116(G)(5)*.

Civil Procedure > ... > Standards of Review > Harmless & Invited Errors > Invited Errors Doctrine

Civil Procedure > ... > Standards of Review > Harmless & Invited Errors > Invited Errors Doctrine

*HN16* Invited error is typically said to occur when a party's own affirmative conduct directly causes the error. Under the invited error doctrine, appellate relief is generally not available because

304 Mich. App. 415, *415; 849 N.W.2d 31, **31; 2014 Mich. App. LEXIS 364, ***1

when a party invites the error, he waives his right to seek appellate review, and any error is extinguished. A related rule is that error requiring reversal may only be predicated on the trial court's actions and not upon alleged error to which the aggrieved party contributed by plan or negligence.

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

Civil Procedure > Judgments > Relief From Judgments > Void Judgments

Civil Procedure > Appeals > Reviewability of Lower Court Decisions > Preservation for Review

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

Civil Procedure > Judgments > Relief From Judgments > Void Judgments

Civil Procedure > Appeals > Reviewability of Lower Court Decisions > Preservation for Review

**HN17** Waiver is the intentional relinquishment or abandonment of a known right. Defects in subject matter jurisdiction cannot be waived and may be raised at any time. Because subject matter jurisdiction concerns the court's power to hear a case, it is not subject to waiver. In addition, a court must at all times be cognizant of its own jurisdiction and sua sponte question whether it has jurisdiction over a person or the subject matter of an action. When a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void.

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Amount in Controversy

Civil Procedure > Pleading & Practice > Joinder of Claims & Remedies > Joinder of Claims

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Amount in Controversy

Civil Procedure > Pleading & Practice > Joinder of Claims & Remedies > Joinder of Claims

**HN18** Where there is an identity between a party's claims and those of other parties and where the claims were consolidated for trial, a court considers them merged for purpose of determining the amount in controversy under *MCL 600.8301(1)*. Further, where claims are derivative, aggregating the claims of a single plaintiff is appropriate for the purpose of determining whether a court's subject matter jurisdiction jurisdictional amount is satisfied or exceeded. This analysis is consistent with the general rule that when the claims of multiple parties are consolidated to facilitate the presentation of proofs, the cases are not merged into one cause. They retain their own separate identities.

Civil Procedure > Pleading & Practice > Joinder of Claims & Remedies > Joinder of Claims

Civil Procedure > Pleading & Practice > Joinder of Claims & Remedies > Joinder of Claims

**HN19** When cases are consolidated under *MCR 2.505(A)* because of a substantial and controlling common question of law or fact, the court rule is silent with regard to whether the consolidated cases are effectively merged into a single case. The case law has discussed two situations. In one, the consolidated cases are ordered tried together but each retains its separate character and requires the entry of a separate judgment. But in the other situation, when actions that are normally between the same parties are consolidated, the actions are joined together to form a single action in which a single judgment is entered. This latter situation exists where several actions are pending between the same parties stating claims which could have been brought in separate counts of a single claim.

Insurance Law > ... > No Fault Coverage > Personal Injury Protection > Medical Benefits

Insurance Law > ... > No Fault Coverage > Personal Injury Protection > Medical Benefits

**HN20** Michigan 's no-fault act provides that benefits are payable to or for the benefit of an

304 Mich. App. 415, *415; 849 N.W.2d 31, **31; 2014 Mich. App. LEXIS 364, ***1

injured person. _MCL 500.3112_. But the right to bring an action for personal protection insurance benefits, including claims for attendant care services, belongs to the injured party. Thus, the injured party may waive by agreement his or her claim against an insurer for no-fault benefits, and a service provider is bound by the waiver. If an injured party waives a PIP claim, a service provider's remedy is to seek payment from the injured person.

Civil Procedure > Trials > Closing Arguments > Objections to Closing Arguments

Civil Procedure > Trials > Closing Arguments > Objections to Closing Arguments

_HN21_ Generally, an issue is properly preserved if it is raised before, addressed by, or decided by the lower court or administrative tribunal. The appellate preservation requirement has been referred to as the "no objection—no ruling—no error presented" rule. Nevertheless, the case law could be read as generally requiring a request for a curative instruction or a motion for a mistrial to preserve appellate review of remarks by counsel. But appellate review without such actions may be granted where counsel's remarks deny a party a fair trial. Thus, incurable errors are not shielded from appellate review because an attorney fails to request what in that case would be a futile instruction. Although a motion for a mistrial is appropriate, it is not mandatory.

Civil Procedure > Trials > Closing Arguments > Objections to Closing Arguments

Civil Procedure > Appeals > Standards of Review > De Novo Review

Civil Procedure > Trials > Closing Arguments > Objections to Closing Arguments

Civil Procedure > Appeals > Standards of Review > De Novo Review

_HN22_ Appellate review of claims of misconduct by counsel is de novo to determine whether a party was denied a fair trial. Analysis of such claims requires two steps: (1) did error occur and (2) does it require reversal. A lawyer's comments will usually not be cause for reversal unless they indicate a deliberate course of conduct aimed at preventing a fair and impartial trial or where counsel's remarks were such as to deflect the jury's attention from the issues involved and had a controlling influence on the verdict. Stated otherwise, reversal is required only where the prejudicial statements of an attorney reflect a studied purpose to inflame or prejudice a jury or deflect the jury's attention from the issues involved. Proper instructions to the jury will cure most, but not all, misconduct by counsel.

Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review

Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review

_HN23_ A lower court's finding of fact is reviewed on appeal for clear error. _MCR 2.613(C)_. A finding is clearly erroneous if the reviewing court, on the whole record, is left with the definite and firm conviction that a mistake has been made.

Civil Procedure > ... > Justiciability > Mootness > Evading Review Exception

Civil Procedure > ... > Justiciability > Mootness > Real Controversy Requirement

Civil Procedure > ... > Justiciability > Mootness > Evading Review Exception

Civil Procedure > ... > Justiciability > Mootness > Real Controversy Requirement

_HN24_ An issue is moot when a judicial determination cannot have any practical legal effect on the existing controversy. But an appellate court may review a moot issue if it is publicly significant and likely to recur, yet may evade judicial review.

Insurance Law > ... > No Fault Coverage > Personal Injury Protection > Medical Benefits

2:15-cv-10857-LJM-MKM Doc # 1-2 Filed 03/06/15 Pg 8 of 22 Pg ID 19

Page 7 of 21

304 Mich. App. 415, *415; 849 N.W.2d 31, **31; 2014 Mich. App. LEXIS 364, ***1

Insurance Law > ... > No Fault Coverage > Personal Injury Protection > Medical Benefits

*HN25* An assigned claims facility is not liable for no-fault benefits unless no personal protection insurance is applicable to the injury, no personal protection insurance applicable to the injury can be identified, the personal protection insurance applicable to the injury cannot be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss, or the only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed. *MCL 500.3172(1)*. Furthermore, the assigned claims facility, if it pays benefits, is entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility.

Civil Procedure > Judgments > Relief From Judgments > Motions for New Trials

Civil Procedure > Judgments > Relief From Judgments > Motions for New Trials

*HN26* *MCR 7.112* provides that in its appellate capacity a circuit court may grant relief as provided in *MCR 7.216*, which in turn provides in pertinent part that the court of appeals may, in its discretion, and on the terms it deems just, enter any judgment or order or grant further or different relief as the case may require. *MCR 7.216(A)(7)*. The misconduct of a party's attorney that denies another party a fair trial is a basis for granting a new trial. *MCR 2.611(A)(1)(a)*, *(b)*.

**Judges:** Before: MARKEY, P.J., and FITZGERALD and OWENS, JJ.

**Opinion by:** Jane E. Markey

# Opinion

[**35] [*419] MARKEY, P.J.

These consolidated appeals are before this Court for consideration as on leave granted.[1] Each case concerns the jurisdiction of the district court under *MCL 600.8301(1)* when a plaintiff presents evidence and argument of damages far in excess of the district court's $25,000 amount-in-controversy jurisdictional limit. In Docket No. 301783, plaintiffs Get Well Medical Transport, Progressive Rehab Center and Carol Reints, Inc., appeal the order of Wayne Circuit Judge Robert Colombo, Jr., reversing a district court judgment in their favor following a jury trial and remanding for a new trial. In Docket No. 301784, plaintiff Charles Moody appeals the same order of Judge Colombo vacating the judgment in Moody's favor because the district court lacked subject-matter jurisdiction and remanding to the district court to either dismiss the case or transfer it to the circuit court. Similarly, in Docket No. 308723, plaintiff Linda C. Hodge appeals the order of [***2] Wayne Circuit [**36] Judge Brian R. Sullivan vacating a [*420] district court judgment in her favor in the amount of $25,000 plus interest following a jury verdict of $85,957 against defendant State Farm Mutual Automobile Insurance Company. We affirm.

## I. FACTS AND PROCEEDINGS

Moody filed his complaint for no-fault benefits in 36th District Court on September 15, 2008. Paragraph 3 of his complaint alleges that he "claims damages do not exceed $25,000.00." The complaint's prayer for relief sought "damages in whatever amount Plaintiff is found to be entitled not in excess of [$]25,000.00, plus interest, costs, and no-fault attorney fees."

The providers filed their complaint in 36th District Court on June 11, 2009, seeking payment for

---

[1] See *Hodge v State Farm Mutual Automobile Ins Co*, 493 Mich 937; 826 NW2d 730 (2013); *Moody v Getwell Medical Transport*, 491 Mich. 923; 812 N.W.2d 770 (2012). This Court entered an order on April 3, 2013, consolidating the appeal in Docket No. 308723 with those in Docket Nos. 301783 and 301784.

304 Mich. App. 415, *420; 849 N.W.2d 31, **36; 2014 Mich. App. LEXIS 364, ***2

"reasonably necessary products, services and accommodations" that they provided Moody as a result of the motor vehicle accident. Get Well Medical Transport, [***3] Progressive Rehab Center and Carol Reints, Inc., sought no-fault benefits in the amounts, respectively, of $5,604; $14,845; and $2,533.14, for a combined total claim for damages of $21,982.14.

While still awaiting discovery regarding the extent of Moody's claims, Home Owners moved on July 29, 2009, to consolidate Moody's case with that of the providers. An order doing so was entered without objection. Meanwhile, Home Owners filed several motions to compel discovery. The district court finally entered an order compelling signed answers to Homeowners' interrogatories on October 6, 2009, to which Moody responded on October 12, 2009. In his answers to the interrogatories, Moody indicated that, in addition to a $32,447.23 bill from Henry Ford Hospital, he also intended to present to the jury damage claims for over $110,000 in lost wages and over $262,800 in attendant-care benefits.

[*421]  In light of Moody's answers to the interrogatories and subsequent depositions taken just before trial, Home Owners, on the day trial was scheduled to commence, raised the issue of the trial court's subject-matter jurisdiction because it appeared certain Moody intended to claim damages far exceeding the $25,000 jurisdictional limit of the district [***4] court under *MCL 600.8301(1)*. Home Owners asserted several arguments, including (1) when Moody's counsel presented argument and evidence of damages in excess of $25,000, the district court would lose jurisdiction, and defendant would move for summary disposition under *MCR 2.116(C)(4)*(the court lacks jurisdiction of the subject matter); (2) Moody's action could be transferred to circuit court under *MCR 2.227(A)(1)*; and (3) if Moody's counsel were permitted to present argument and evidence of damages in excess of $25,000, Home Owners should be allowed to impeach Moody's

claims through evidence or by judicial notice of the fact that the district court's jurisdiction is limited to claims not exceeding $25,000.

The district court ruled that it would not restrict Moody's counsel in the evidence or argument he could present, and that if the jury returned a verdict for Moody in excess of $25,000, it would cure the jurisdictional problem by limiting the judgment to $25,000, exclusive of attorney fees, interest, and costs. Furthermore, the district court ruled that it would not take judicial notice of the district court's jurisdictional limit and that defense counsel could not advise the jury of it. [***5] Finally, the district court ruled it would not transfer Moody's action to the circuit court. The district court entered a hand written order that provided: "This action will not be transferred to circuit court. Each plaintiff's complaint is limited to the jurisdictional dollar amount of $25,000 exclusive of attorney [**37] fees, [*422] interest and costs. Defendant will be precluded from advising [the] jury of [the] court's jurisdictional limits."

During his opening statement, Moody's counsel repeatedly told the jury that if Home Owners were required to pay no-fault benefits, it could obtain reimbursement from the assigned claims facility. After defense counsel's third objection to the comments, the district court ruled it would not preclude the argument but that it would permit defense counsel to argue in its opening statement that Home Owners would not be entitled to reimbursement from the assigned claims facility. And that is what defense counsel did. The providers' counsel supported Moody's counsel on this point in his opening statement, indicating that he understood that an insurance company could obtain reimbursement from the assigned claims facility if it were determined within one or two [***6] years that the company should not have been paying the claim in the first place.

The main issue at trial was whether at the time of the accident Moody was "domiciled in the same

304 Mich. App. 415, *422; 849 N.W.2d 31, **37; 2014 Mich. App. LEXIS 364, ***6

household" as his father and stepmother, whom Home Owners insured, or whether Moody lived with his mother in Detroit. The trial extended over three weeks, and Moody's counsel presented evidence of no-fault claims far in excess of $25,000. In addition to the proofs of the $32,447.23 hospital bill from Henry Ford, Moody presented evidence of lost wages of $28,288 to $29,298.28, replacement services of $14,600, and claims of attendant care for $192,720. After presentation of this evidence, Home Owners twice renewed its motion for summary disposition under *MCR 2.116(C)(4)* because Moody's claims for damages far exceeded the district court's $25,000 jurisdictional limit; the district again denied Home Owners' motions.

 [*423] The jury found against Home Owners on its coverage defense, deciding that Moody lived with his father and stepmother at the time of the accident; that issue has not been appealed. The jury awarded Moody $32,447.23 for the hospital expense. But the jury found that Moody did not sustain any lost wages [***7] nor did he incur any attendant-care expenses. The jury further found that Moody's allowable expenses were not overdue. When entering its judgment, the district court reduced the award to $25,000, the court's jurisdictional limit. The jury awarded the providers the amounts that they sought: $5,604 to Get Well, $13,845 to Progressive Rehab, and $2,533.14 to Carol Reints, Inc. Home Owners appealed in the circuit court.

Judge Colombo heard oral argument on Home Owners' appeal on October 19, 2010, and issued a lengthy opinion from the bench. Judge Colombo considered that *MCL 600.605* provides that circuit courts have original jurisdiction over "all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court," and that *MCL 600.8301(1)* provides that the "district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed

$25,000.00." The circuit court concluded that it was inappropriate for the district court to allow a plaintiff to present evidence of damages greater than the district court's jurisdictional limit, noting  [***8] that although district courts formerly were permitted to award damages in excess of the limit when a case was remanded from the circuit court, the statute authorizing that practice, former *MCL 600.641*, had been repealed. Judge Colombo also noted that Moody was bound by his pleadings, which alleged damages of not more than $25,000. Accordingly, "Moody could not present damage proofs that exceeded $25,000."

 [*424] [**38] Judge Colombo also rejected Moody's reliance on the principle that a court's subjectmatter jurisdiction is determined only by the allegations in the plaintiff's complaint. Instead, Judge Colombo reasoned that a court must at all times question its own jurisdiction over parties, the subject matter of the action, and the limits of the relief that it may grant. Further, when a court determines that it lacks jurisdiction, it should not pursue the matter further except to dismiss the action or transfer it to the proper court. The circuit court opined:

> Once [Home Owners] raised the issue of the district court's jurisdiction, the district court was obliged to determine whether it had subject matter jurisdiction. The district court concluded that it had jurisdiction because it could reduce any verdict  [***9] to $25,000. This was clearly error on the part of the district court. It had no jurisdiction to try Moody's case when the damage proofs exceeded its jurisdiction.

Judge Colombo also stated it believed that Moody's counsel engaged in forum shopping as a matter of strategy in hopes of having a better opportunity to win on the issue of residence. Judge Colombo summarized his reasons for reversing the judgment for Moody:

> The facts in this case are too compelling to do anything but to set aside the jury

2:15-cv-10857-LJM-MKM   Doc # 1-2   Filed 03/06/15   Pg 11 of 22   Pg ID 22

Page 10 of 21
304 Mich. App. 415, *424; 849 N.W.2d 31, **38; 2014 Mich. App. LEXIS 364, ***9

verdict and the judgment in this case. Counsel for Moody presented damage proofs of hundreds of thousand dollars [sic] in excess of the district court's jurisdictional amount. His proofs did not comply with his pleadings. He attempted to proceed in district court, even though the district court was without jurisdiction and [he] improperly engaged in forum shopping. . . . The only appropriate remedy is reversal of the jury verdict and the judgment under all the circumstances in this case. The case is remanded to the district court to either dismiss the Moody case for lack of jurisdiction or transfer it to [the circuit court] pursuant to MCR 2.227.

[*425] The circuit court also ruled that the judgment [***10] for the providers must be reversed and the case remanded for a new trial because the providers' claims were so intertwined with Moody's case for which the district court lacked jurisdiction. The circuit court reasoned that because the providers' case was consolidated with Moody's case, "significant evidence was admitted in the case that normally would not have been admitted in the medical providers' case." The court believed that the presentation of the extra evidence "may have affected the outcome on both the issues of residence and damages."

With respect to Home Owners' claims regarding improper comments by Moody's counsel at trial, Judge Colombo opined that error warranting reversal occurred when Moody's counsel purposefully interjected the irrelevant issue of the assigned claims facility. The court concluded that the cumulative effect of counsel's comments, particularly regarding the assigned claims facility and subrogation, deprived Home Owners of a fair trial. Accordingly, in addition to finding that the district court lacked subject-matter jurisdiction, the circuit court ordered a new trial on the basis that counsel's improper comments deprived Home Owners of a fair trial. Also, [***11] for this

additional reason, Judge Colombo reversed as to all plaintiffs and ordered a new trial.

The appeal in Docket No. 308723 presents the same central legal issue as in Docket Nos. 301783 and 301784 regarding the district court's jurisdiction under MCL 600.8301(1). Plaintiff Linda C. Hodge brought an action in 36th District Court asserting a first-party no-fault claim and [**39] presented proof of damages far in excess of the district court's $25,000 jurisdictional limit. The jury returned a verdict of $85,957 against defendant State [*426] Farm Mutual Automobile Insurance Company, and on October 1, 2010, the district court entered a judgment of $25,000 plus interest against State Farm. State Farm appealed in the circuit court, which held a hearing on December 16, 2011. Judge Brian R. Sullivan reversed and issued an order on February 1, 2012, providing in pertinent part that "[t]he amount in controversy in this case was in excess of the $25,000.00" jurisdictional limit of MCL 600.8301. The circuit court ordered that "the jury verdict and subsequent judgment . . . is reversed and vacated for the reason that the court lacked jurisdiction over the subject [***12] matter because the amount in controversy exceeded the district court's jurisdictional limits contained in MCL 600.8301[.]"

## II. THE DISTRICT COURT'S JURISDICTION

The central issue in all three appeals pertains to the application of MCL 600.8301(1), which provides: HN1 "The district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00." HN2 Whether the district court has subject-matter jurisdiction on the facts presented is a question of law reviewed de novo. Hillsdale Co Senior Servs, Inc v Hillsdale Co, 494 Mich 46, 51; 832 NW2d 728 (2013). Likewise, HN3 the interpretation and application of both statutes and court rules are questions of law that are reviewed de novo. Id.; Chen v Wayne State Univ, 284 Mich App 172, 191; 771 NW2d 820 (2009).

304 Mich. App. 415, *426; 849 N.W.2d 31, **39; 2014 Mich. App. LEXIS 364, ***12

We conclude that **HN4** nothing in *MCL 600.8301(1)*, *MCR 2.227(A)(1)*, or *MCR 2.116(C)(4)* requires that a court limit its jurisdictional query to the amount in controversy alleged in the pleadings. Here, plaintiffs Moody and Hodge patently claimed damages far in excess of the $25,000 amount-in-controversy limit of the district court's jurisdiction throughout litigation. The district [*427] court judges presiding over these actions were duty-bound to recognize [***13] the limits of their subject-matter jurisdiction, *In re Estate of Fraser, 288 Mich 392, 394; 285 NW 1 (1939)*,[2] and either dismiss the cases brought by Moody and Hodge or transfer them to the circuit court, *Fox v Univ of Michigan Bd of Regents, 375 Mich 238, 242; 134 NW2d 146 (1965)*,[3] and *MCR 2.227(A)(1)*. Because the district court judges failed to either dismiss these cases that were patently outside their subject-matter jurisdiction or transfer them to the circuit court, the subsequent judgments—and on the facts presented here, also the judgment on the providers' claims—are void. *In re Hatcher, 443 Mich 426, 438; 505 NW2d 834 (1993)*,[4] *Jackson City Bank & Trust Co. v Fredrick, 271 Mich 538, 544; 260 NW 908 (1935)*,[5] and *Altman v Nelson*, [**40] 197 Mich App 467, 472-473; 495 NW2d 826 (1992).[6]

These cases are governed by **HN5** principles of statutory construction, which apply to both statutes and court [*428] rules. *Henry v Dow Chem Co, 484 Mich 483, 495; 772 NW2d 301 (2009)*; *Brausch v Brausch, 283 Mich App 339, 352; 770 NW2d 77 (2009)*. "The primary goal of statutory interpretation is to ascertain and give effect to the Legislature's intent as expressed by the language of the statute." *Ferguson v Pioneer State Mut Ins Co of Mich, 273 Mich App 47, 51; 731 NW2d 94 (2006)*. [***15] Similarly, the language used in a court rule and its place within the organization of the Michigan Court Rules is important. *Henry, 484 Mich at 495*. Thus, when addressing how to construe a statute or a court rule, one must first look to the language used and give the words their plain and ordinary meaning unless defined otherwise. *Lafarge Midwest, Inc v Detroit, 290 Mich App 240, 246; 801 NW2d 629 (2010)*; *Ferguson, 273 Mich App at 51-52*. In this regard, when words are undefined, one may properly consult a dictionary concerning their plain and ordinary meaning. *Cairns v East Lansing, 275 Mich App 102, 107; 738 NW2d 246 (2007)*. When the language used in a court rule or statute is clear and unambiguous, no further interpretation is either necessary or permitted. *People v Lown, 488 Mich 242, 254-255; 794 NW2d 9 (2011)*; *Ferguson, 273 Mich App at 52*. The overarching rule of statutory construction is that a court must enforce clear and unambiguous statutory provisions as written. *Johnson v Recca, 492 Mich 169, 175; 821 NW2d 520 (2012)*. Furthermore, when a court interprets a statute, it may not read anything into an unambiguous statute that is not within the Legislature's manifest intent as [***16] derived from the words used in the statute itself. *People v Breidenbach, 489 Mich 1, 10; 798 NW2d 738 (2011)*; *Mich Ed Ass'n v Secretary of*

---

[2]  "Courts are bound to take notice of the limits of their authority, and a court may, and should, on its own motion, though the question is not raised by the pleadings or by counsel, recognize its lack of jurisdiction and act accordingly by staying proceedings, dismissing the action, or otherwise disposing thereof, at any stage of the proceeding." *Fraser, 288 Mich at 394*.

[3]  "When a court is without jurisdiction of the subject matter, any [***14] action with respect to such a cause, other than to dismiss it, is absolutely void." *Fox, 375 Mich at 242*.

[4]  "[A] proven lack of subject matter jurisdiction renders a judgment void." *Hatcher, 443 Mich at 438*.

[5]  "When there is a want of jurisdiction over the parties, or the subject-matter, no matter what formalities may have been taken by the trial court, the action thereof is void because of its want of jurisdiction, and consequently its proceedings may be questioned collaterally as well as directly." *Jackson City Bank, 271 Mich at 544*.

[6]  "When there is a want of jurisdiction over the parties or the subject matter, no matter what formalities may have been taken by the trial court, the action is void because of its want of jurisdiction." *Altman, 197 Mich App at 472-473*.

304 Mich. App. 415, *428; 849 N.W.2d 31, **40; 2014 Mich. App. LEXIS 364, ***16

*State (On Rehearing), 489 Mich 194, 218; 801 NW2d 35 (2011)*.

**HN6** The circuit court is the primary court in Michigan having jurisdiction over civil cases. *MCL 600.605* provides, [*429] "Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." *MCL 600.8301(1)* provides for an exception for bringing civil actions in district court "when the amount in controversy does not exceed $25,000.00." The critical phrase "amount in controversy" and the critical word "controversy" are not defined by statute or Michigan caselaw. See *Szyszlo v Akowitz, 296 Mich App 40, 51; 818 NW2d 424 (2012)*. But this Court has suggested that "amount in controversy" is "based on the damages claimed." *Id*. See also *Etefia v Credit Technologies, Inc, 245 Mich App 466, 475; 628 NW2d 577 (2001)*.

The word "amount" clearly refers to a dollar value because the district court's jurisdictional [***17] limit is stated in the dollar value of $25,000. The plain and ordinary meaning of "controversy" is confirmed by consulting a dictionary which defines it as "a [usually] prolonged public dispute concerning [**41] a matter of opinion." *Random House Webster's College Dictionary* (1996). Also, "controversy" is defined in *The American Heritage Dictionary of the English Language* (new college ed., 1981), as "[a] dispute, especially a lengthy and public one, between sides holding opposing views." Both dictionaries list "argument" as the synonym of "controversy." These dictionaries also define, respectively, "controvert"—the verb version of "controversy"—as "to argue against; dispute; deny; oppose . . . . ; debate; [and] discuss," and "[t]o raise arguments against; voice opposition to; deny [and] [t]o argue or dispute about; to debate." Also, because the phrase "amount in controversy"

concerns a court's jurisdiction, it may have acquired a "peculiar and appropriate meaning in the [*430] law," *MCL 8.3a*, so it is also appropriate consult a legal dictionary. *People v Steele, 283 Mich App 472, 488 n 2; 769 NW2d 256 (2009)*. *Black's Law Dictionary* (9th ed), defines "amount in controversy" as "[t]he damages claimed or relief demanded by [***18] the injured party in a lawsuit." But *Black's* also defines the word "controversy" to mean "[a] disagreement or a dispute, [especially] in public [or] [a] justiciable dispute." *Id*. Likewise, *Black's Law Dictionary* defines "controvert" as "[t]o dispute or contest[.]" *Id*.

On the basis of these definitions, we conclude that the plain, ordinary, and legal meaning of "amount in controversy" under *MCL 600.8301(1)* is the amount the parties to a lawsuit dispute, argue about, or debate during the litigation. **HN7** While the amount in controversy in a lawsuit will most often be determined by reviewing the amount of damages or injuries a party claims in his or her pleadings, the statute does not explicitly state this. Indeed, the statute does not provide any method for determining the amount in controversy. **HN8** "[A] court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Breidenbach, 489 Mich at 10* (quotation marks and citation omitted). If the Legislature had intended to establish that the limits of the district court's jurisdiction were to be determined solely on the basis of the amount demanded in the complaint, it could easily have done so, but it did not. [***19] Rather, **HN9** the Legislature used the phrase "amount in controversy," which is the dollar value of the damages that are disputed in the lawsuit. Stated otherwise, it is the amount the parties argue about, debate, or controvert. Here, Moody's pretrial discovery answers, the arguments of Moody's counsel before trial, and the presentation of evidence at trial, all showed that the amount in controversy in that case far exceeded [**431] the

304 Mich. App. 415, *431; 849 N.W.2d 31, **41; 2014 Mich. App. LEXIS 364, ***19

$25,000 subject-matter jurisdiction of the district court. *MCL 600.8301(1)*. Hodge similarly presented evidence of damages far exceeding the $25,000 subject-matter jurisdiction of the district court. Without subject-matter jurisdiction over Moody's and Hodge's complaints, the only actions the district court judges could have properly taken would have been to dismiss the cases, *MCR 2.116(C)(4)*, or transfer them to the circuit court, *MCR 2.227(A)(1)*. See *Fox, 375 Mich at 242*; *Yee v Shiawassee Co Bd of Comm'rs, 251 Mich App 379, 399; 651 NW2d 756 (2002)*.

We find appellants' arguments to the contrary unpersuasive. First, appellants cite several cases for the proposition that subject-matter jurisdiction is determined only by the allegations in the plaintiff's complaint and prayer for relief. See *Fox v Martin, 287 Mich. 147, 151; 283 N.W. 9 (1938)* ("Jurisdiction does not depend upon the facts, but upon the allegations."); *Zimmerman v Miller, 206 Mich. 599, 604-605; 173 NW 364 (1919)*; [***20] *Trost v Buckstop* [**42] *Lure Co, 249 Mich App 580, 586; 644 NW2d 54 (2002)* ("'A court's subject-matter jurisdiction is determined only by reference to the allegations listed in the complaint.'"), quoting *Grubb Creek Action Comm v Shiawassee Co Drain Comm'r, 218 Mich App 665, 668; 554 NW2d 612 (1996)* ); and *Altman, 197 Mich App at 472* ("Jurisdiction always depends on the allegations and never upon the facts."). None of these cases is factually similar to the ones at hand—in which a plaintiff has set forth in the complaint a request for relief up to the $25,000 jurisdictional limit of the district court, knowing that the true amount sought exceeded $25,000, and then presented to the jury evidence of and argument for damages far exceeding the jurisdictional limit of the court. Rather, the cited cases address the point in time when a court's jurisdiction is initially determined and also whether the [**432] subject matter of the suit other than the amount in controversy is cognizable in the circuit court. See *Fox, 287 Mich at 153* (effort to foreclose on an expired lien); *Trost, 249 Mich App at 587* (libel action); *Grubb Creek Action Comm, 218 Mich App at 666* (review of drain board's determination [***21] of necessity); and *Altman, 197 Mich App 473-474* (a paternity and custody action). In *Zimmerman*, for instance, the issue was whether the circuit court lost jurisdiction because the plaintiff alleging breach of contract failed to establish damages more than the court's jurisdictional minimum. The Court held on the basis of longstanding caselaw that the "jurisdiction of the court is determined by the amount demanded in the plaintiff's pleadings, not by the sum actually recoverable or that found by the judge or jury on the trial . . . ." *Zimmerman, 206 Mich at 604-605*. Properly understood, these cases stand for the proposition that **HN10** what the plaintiff alleges he or she will be able to prove at trial, not what the fact-finder later determines (or the amount entered in a judgment), establishes the amount in controversy for the purpose of determining the court's subject-matter jurisdiction.

This principle has ancient roots in Michigan, sprouting from *Strong v Daniels, 3 Mich 466, 471 (1855)*, which held "upon general principles . . . that jurisdiction must be determined from the record, and, where it depends on amount, by the sum claimed in the declaration or writ." The Court in a later case stated the rule that [***22] "the damages claimed in the declaration or process, and not the amount found by the court or jury upon trial, must be the test of jurisdiction . . . ." *Inkster v Carver, 16 Mich 484, 487 (1868)*. So, according to these early cases, determining a court's jurisdiction at the outset on she basis of what the plaintiff believed he or she could prove was "the only practical rule . . . ." *Id. at 488*.

[*433] The rule requiring the determination of the jurisdictional amount on the basis of the plaintiff's allegations does not support, as here, a plaintiff's artfully pleading a claim for relief ostensibly within the limits of district court's subject-matter jurisdiction but then placing in dispute through evidence and argument at trial an amount of

2:15-cv-10857-LJM-MKM   Doc # 1-2   Filed 03/06/15   Pg 15 of 22   Pg ID 26

Page 14 of 21

304 Mich. App. 415, *433; 849 N.W.2d 31, **42; 2014 Mich. App. LEXIS 364, ***22

damages much greater than the court's jurisdictional limit. Furthermore, appellants' contention that the subject-matter jurisdiction of the court may be determined by the amount ultimately awarded by the court, i.e., by limiting judgment to the jurisdictional amount, is contrary to the longstanding rule adopted in *Strong* of determining the subject-matter jurisdiction of the court by the amount in controversy before trial and the determination of the facts by a judge or jury. We recognize [***23] dicta in *Strong* about a jury's ability to award more than the jurisdictional [**43] limit of the court,[7] but the *Strong* Court's holding was that jurisdiction is determined using the amount claimed *before* the facts are determined. Moreover, the implication of appellants' argument—that subject-matter jurisdiction may be conferred by artful pleading and by limiting a judgment to the district court's jurisdictional limit after the facts are determined—violates the principle that the parties to a lawsuit cannot confer jurisdiction on a court that does not have it. *In re Hatcher, 443 Mich at 433*. A plaintiff may not merely say some magic words and confer jurisdiction where it otherwise would not exist. In fact, a "court must make its own determination regarding the [*434] existence of a statutory basis for jurisdiction." *Id*. And the court must make this jurisdictional determination *before* the fact-finding of the trial has concluded. *Fox, 287 Mich at 151-152*; *Zimmerman, 206 Mich at 604-605*.

Appellants cite other cases regarding federal district court jurisdictional limits, the removal of state court actions to the federal district court, and cases involving entry of default judgments that are simply not relevant to interpreting *MCL 600.8301(1)* or the Michigan Court Rules. Furthermore, the case of *Brooks v Mammo,254 Mich App 486, 489-492, 494 n 3; 657 NW2d 793*

*(2002)*, had such a unique procedural history—including the repeal and amendment of pertinent statutes and a trial court that declined to exercise jurisdiction that it actually possessed—that the Court itself referred to *Brooks* as presenting a "factual oddity." Therefore, *Brooks* has virtually no value in deciding the issues presented in these appeals, which involve a very different scenario. The case of *Krawczyk v Detroit Automobile Inter-Insurance Exchange, 117 Mich App 155; 323 NW2d 633 (1982)*, rev'd in part on other grounds *418 Mich 231; 341 NW2d 110 (1983)*, also does not assist appellants' argument. The defendant in *Krawczyk* did not initially contend that the district court lacked subject-[***25] matter jurisdiction, only that judgment could not be entered for more than the district court's jurisdictional limits. *Krawczyk, 117 Mich App at 162*. The Court held that certain benefits were not recoverable, thus reducing the judgment amount, exclusive of interest, costs, and attorney fees, to within the district court's jurisdictional limits. *Id. at 163*. Our Supreme Court affirmed in part and reversed in part this Court's decision regarding recoverable no-fault benefits, but it did not address the issue of the district court's jurisdictional limits. *Krawczyk, 418 Mich at 236*.

[*435] We also find that *Clohset v No Name Corp (On Remand), 302 Mich App 550; 840 NW2d 375 (2013)*, does not alter our analysis of the issues presented in these cases because it is factually unique and addresses the district court's "more specific" equitable jurisdiction regarding "claims arising under chapter 57 of the Revised Judicature Act (RJA), *MCL 600.5701 et seq.*, which concerns proceedings to recover possession of premises." *Clohset, 302 Mich. App. at 560*. The Court held that because the district court's equitable jurisdiction under *MCL 600.8302(1)* and *(3)* was invoked, that specific jurisdictional grant took

---

[7]   The Court opined: "It is well settled in actions commenced before a justice of the peace, that the test of jurisdiction is the sum demanded in the writ or declaration, and the justice will [***24] not be ousted of his jurisdiction by the jury returning a verdict, or by proof of damages beyond his jurisdiction. In such case the excess may be remitted, and judgment rendered for the balance." *Strong, 3 Mich at 473*.

precedence [***26] over the more general jurisdictional grant [**44] provided in *MCL 600.8301(1)*. *Clohset, 302 Mich App at 561-562*. Therefore, the Court held the district court had jurisdiction to enter the parties' stipulated consent judgment even though it would have otherwise exceeded the jurisdictional limit of *MCL 600.8301(1)*. *Id. at 562-563*. The court reasoned that if the district court erred entering the stipulated judgment, the defendant could not collaterally attack the error "in the 'exercise of jurisdiction.'" *Clohset, 302 Mich. App. at 564*, citing *Bowie v Arder, 441 Mich 23, 49, 490 NW2d 568 (1992)*, quoting *Jackson City Bank, 271 Mich at 545*. The *Clohset* court further noted that a consent judgment is different from a judgment after trial because it represents the agreement of the parties, and, absent fraud, mistake, or unconscionable advantage, it cannot be appealed or set aside without the consent of the parties. *Id. at 565-566, 572-573*. Finally, the Court found applicable the principle that a party may not participate in and harbor error. *Id. at 566-567*. In sum, because the present cases do not involve summary proceedings, the equitable jurisdiction of the district court under *MCL 600.8302*, [***27] or the entry of a stipulated consent judgment, *Clohset* has no application to the circumstances presented in the instant cases.

[*436] Appellants' arguments also fail when considered in light of pertinent court rules. Before the trial of these cases, it was patent to the parties and the district court judges that Moody and Hodge were asserting claims for damages far in excess of the district court's jurisdictional limit of $25,000. Given that **HN11** "a court is continually obliged to question sua sponte its own jurisdiction over a person, the subject matter of an action, or the limits of the relief it may afford," *Yee, 251 Mich App at 399*, the district court judges should have either dismissed these cases or transferred them to circuit court pursuant to *MCR 2.227(A)(1)*, which provides:

**HN12** When the court in which a civil action is pending *determines* that it lacks jurisdiction of the subject matter of the action, but that some other Michigan court would have jurisdiction of the action, the court may order the action transferred to the other court in a place where venue would be proper. If the question of jurisdiction is raised by the court on its own initiative, the action may not be transferred until the [***28] parties are given notice and an opportunity to be heard on the jurisdictional issue. [Emphasis added.]

**HN13** The court rule provides no particular manner in which a court "determines that it lacks jurisdiction of the subject matter of the action . . . ." Rather, it only provides that if the court acts sua sponte regarding its determination, the parties must be "given notice and an opportunity to be heard on the jurisdictional issue." *MCR 2.227(A)(1)*. Further, the court rule plainly requires that the court may consider matters other than the pleadings when considering whether it has subjectmatter jurisdiction and whether it must either dismiss or transfer a case to court having jurisdiction. *MCR 2.227(A)(1)* does not restrict a court in its jurisdictional determination to a review of the pleadings, and such a requirement may not be read into the rule when not derived from its manifest intent as evidenced by the [*437] words of the rule itself. See *Breidenbach, 489 Mich at 10*; *Mich Ed Ass'n, 489 Mich at 218*; *Henry, 484 Mich at 495*.

Also pertinent is **HN14** *MCR 2.116(C)(4)*, which provides that summary disposition may be entered when "[t]he court lacks jurisdiction of the subject matter." Home [**45] Owners moved for summary disposition under this rule in [***29] Moody's case after he presented evidence of damages far in excess of the district court's subject-matter jurisdictional limit of $25,000. A motion brought on the grounds of lack of subject-matter jurisdiction may be brought at any

2:15-cv-10857-LJM-MKM   Doc # 1-2   Filed 03/06/15   Pg 17 of 22   Pg ID 28

Page 16 of 21
304 Mich. App. 415, *437; 849 N.W.2d 31, **45; 2014 Mich. App. LEXIS 364, ***29

time. *MCR 2.116(D)(3)*; *Hillsdale Co Senior Servs, 494 Mich at 51 n 3*. The determination whether the court has jurisdiction when a motion under *MCR 2.116(C)(4)* is brought is explicitly not restricted to the pleadings alone. *MCR 2.116(G)(5)* provides (with emphasis added): *HN15* "The affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties, *must be considered by the court* when the motion is based on *subrule (C)(1)-(7)* or *(10)*." See also *Toaz v Dep't of Treasury, 280 Mich App 457, 459; 760 NW2d 325 (2008)*; *L & L Wine & Liquor Corp v Liquor Control Comm, 274 Mich App 354, 356; 733 NW2d 107 (2007)*. Because Moody and Hodge claimed and presented evidence of damages far in excess of $25,000, "it was the [district] court's duty to take notice of its lack of subject-matter jurisdiction and dismiss [the cases] pursuant to *MCR 2.116(C)(4)*." *Yee, 251 Mich App at 399*.

To summarize, there is [***30] nothing in *MCL 600.8301(1)*, *MCR 2.227(A)(1)*, or *MCR 2.116(C)(4)* that limits the district court's duty-bound jurisdictional query to the pleadings. Plaintiffs Moody and Hodge plainly claimed damages far in excess of the $25,000 "amount in controversy" [*438] limit of the district court's subject-matter jurisdiction. The district court judges were required to either dismiss each plaintiff's case or transfer it to the circuit court. See *Fox, 375 Mich at 242*; *MCR 2.227(A)(1)*; *MCR 2.116(C)(4)*. Because the district court judges failed to do either, the subsequent district court judgments—including that with respect to the providers' claims that were consolidated with those of Moody—are void for want of subject-matter jurisdiction. *Fox, 375 Mich at 242*; *Jackson City Bank & Trust Co, 271 Mich at 544*.

III. DOCKET NO. 301783

The providers argue that they may bring a direct claim against Home Owners for no-fault benefits. See *Lakeland Neurocare Ctrs v State Farm Mut*

*Ins Co, 250 Mich App 35; 645 NW2d 59 (2002)*. Furthermore, the providers note that even their combined claims did not exceed the court's $25,000 jurisdictional limit and that it was Home Owners that moved to consolidate the providers' claims [***31] with those of Moody. Therefore, the providers argue, under the "invited error" doctrine, see *People v Jones, 468 Mich 345, 352 n 6; 662 NW2d 376 (2003)*, Home Owners cannot complain of any taint from consolidation of the providers' case with Moody's case as the circuit court held.

We find that the providers' invited-error argument is without merit. In *Jones, 468 Mich at 353 n 6*, the Court noted that *HN16* "'[i]nvited error' is typically said to occur when a party's own affirmative conduct directly causes the error." Under the invited-error doctrine, appellate relief is generally not available because "when a party invites the error, he waives his right to seek appellate review, and any error is extinguished." *Id*. A related rule is that "error requiring reversal may only be [*439] predicated on the trial court's actions and not upon alleged error to which the aggrieved party contributed by plan or negligence." *Lewis v LeGrow, 258 Mich App 175, 210; 670 NW2d 675 (2003)* See also *Smith v Musgrove, 372 Mich 329, 337; 125 NW2d [**46] 869 (1964)* ("Error to be reversible must be error of the trial judge; not error to which the aggrieved appellant has contributed by planned or neglectful omission of [***32] action on his part.").

*HN17* Waiver is the intentional relinquishment or abandonment of a known right. *Quality Products & Concepts Co v Nagel Precision, Inc, 469 Mich 362, 374; 666 NW2d 251 (2003)*. Here, Home Owners moved to consolidate the providers' case with Moody's case before discovery disclosed that Moody's claims for damages were far in excess of the district court's jurisdictional limit. After discovery disclosed that the amount in controversy with respect to Moody's claims exceeded the district court's jurisdictional limit,

2:15-cv-10857-LJM-MKM   Doc # 1-2   Filed 03/06/15   Pg 18 of 22   Pg ID 29

Page 17 of 21

304 Mich. App. 415, *439; 849 N.W.2d 31, **46; 2014 Mich. App. LEXIS 364, ***32

Home Owners brought the issue to the attention of the court and requested that Moody's claims be transferred to circuit court. Further, when Moody's counsel presented evidence of claims exceeding the court's jurisdictional limit, Home Owners moved for summary disposition under *MCR 2.116(C)(4)* because Moody claimed damages far in excess of the district court's $25,0000 jurisdictional limit. Thus, as a factual matter, Home Owners did not waive its jurisdictional arguments and preserved its claim that the district court erred by denying severance of Moody's claims or by not dismissing them.

Moreover, defects in subject-matter jurisdiction cannot be waived and may be [***33] raised at any time. *Hillsdale Co Senior Servs, 494 Mich at 51 n 3*. Because subject-matter jurisdiction "concerns the court's power to hear a case, it is not subject to waiver." *Lown, 488 Mich at [*440] 268*. In addition, a court must at all times be cognizant of its own jurisdiction and sua sponte question whether it has jurisdiction over a person or the subject matter of an action. *Straus v Governor, 459 Mich 526, 532; 592 NW2d 53 (1999)*; *Yee, 251 Mich App at 399*. "When a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void." *Fox, 375 Mich at 242*.

In the providers' case, based on pretrial discovery, it was patently obvious before the trial began, to the district court and to the parties, that Moody's claims for damages far exceeded the $25,000 amount-in-controversy jurisdictional limit of *MCL 600.8301(1)*. Given the clear evidence supporting the determination that Moody's claims for damages exceeded the district court's subject-matter jurisdiction, the district court should have dismissed Moody's claims. *Fox, 375 Mich at 242*. Alternatively, under the Michigan Court Rules, the district court could have transferred [***34] Moody's case to the circuit court. *MCR 2.227(A)(1)*. Because the district court failed to

either dismiss Moody's claims or transfer them to circuit court, the subsequent proceedings, including the consolidated providers' claims, were void. *Fox, 375 Mich at 242*.

We also reject the providers' argument that their claims may be saved by severing them after the fact of trial and judgment from the extra-jurisdictional claims of Moody. While the providers may bring an independent cause of action against a no-fault insurer, the providers' claims against Home Owners are completely derivative of and dependent on Moody's having a valid claim of no-fault benefits against Home Owners. Specifically, the providers' claims are dependent on establishing Moody's claim that he suffered "accidental bodily injury arising out of the . . . use of a motor [*441] vehicle," *MCL 500.3105(1)*, that they provided "reasonably necessary products, services and accommodations for [Moody's] care, recovery, or rehabilitation," *MCL 500.3107(1)(a)*, [**47] and that at the time of the accident, Moody was "domiciled in the same household" as his father who was insured by Home Owners, *MCL 500.3114(1)*. The providers' and Moody's claims with [***35] respect to the requisites of Home Owners' liability are therefore identical. *HN18* Because there is an identity between Moody's claims and those of the providers and because the claims were consolidated for trial, we consider them merged for the purpose of determining the amount in controversy under *MCL 600.8301(1)*. The providers cite *Boyd v Nelson Credit Centers, 132 Mich App 774, 780-781; 348 NW2d 25 (1984)*, for the proposition that the claims of individual plaintiffs may not be aggregated to satisfy the circuit court's jurisdictional minimum amount in controversy. We note that *Boyd* has precedential effect under the rule of stare decisis, *MCR 7.215(C)(2)*, but because it was decided before November 1990, *Boyd* is not binding precedent, *MCR 7.215(J)(1)*. Further, because the providers' claims are derivative of Moody's claims, we find applicable the exception noted in *Boyd* that permits

2:15-cv-10857-LJM-MKM   Doc # 1-2   Filed 03/06/15   Pg 19 of 22   Pg ID 30

Page 18 of 21

304 Mich. App. 415, *441; 849 N.W.2d 31, **47; 2014 Mich. App. LEXIS 364, ***35

aggregating the claims of a single plaintiff for the purpose of determining whether a court has subject-matter jurisdiction because the amount-in-controversy limitation is satisfied or, as here, exceeded. *Boyd, 132 Mich App at 781*.

This analysis is also consistent with the general rule that when the claims of multiple parties are consolidated [***36] to facilitate the presentation of proofs, the cases are not merged into one cause. They retain their own separate identities. See *Armstrong v Commercial Carriers, Inc, 341 Mich 45, 52; 67 NW2d 194 (1954)*. But this Court has observed that *HN19* when cases are consolidated [*442] under *MCR 2.505(A)* because of "a substantial and controlling common question of law or fact," the "court rule is silent with regard to whether the consolidated cases are effectively merged into a single case." *Chen, 284 Mich App at 195*. The Court in *Chen*, citing 3 Longhofer, Michigan Court Rules Practice (5th ed), § 2505.3, p 79, discussed two situations. In one, the consolidated cases are ordered tried together "'but each retains its separate character and requires the entry of a separate judgment.'" *Chen, 284 Mich App at 195*, quoting Longhofer, § 2505.3, p 79. But in the other situation, when actions that are "'*normally* between the same parties'" are consolidated, the "'actions are joined together to form a single action in which a single judgment is entered.'" *Chen, 284 Mich App at 195*, quoting Longhofer, § 2505.3, p 79 (emphasis added). This latter situation exists "where several actions are pending between the same parties stating claims which could have been brought in separate counts of a single claim." *People ex rel Director of Conservation v Babcock, 38 Mich App 336, 342; 196 NW2d 489 (1972)* [***37] .

Here, there is virtual identity between the providers' and Moody's claims, and Moody could have brought all the claims in a single case in which a single judgment was entered. Indeed, it is Moody's claim against Home Owners that the providers are allowed to assert because *HN20* the no-fault act states that "benefits are payable to or for the benefit of an injured person," *MCL 500.3112*. See *Lakeland Neurocare Ctrs, 250 Mich App at 38-40*. But the providers' claims actually belong to Moody because "the right to bring an action for personal protection insurance [PIP] benefits, including claims for attendant care services, belongs to the injured party." *Hatcher v State Farm Mut Auto Ins Co, 269 Mich App 596, 600; 712 NW2d 744 (2006)*. Thus, the injured party may waive by agreement his or her claim against [*443] an insurer for no-fault benefits, [**48] and a service provider is bound by the waiver. See *Michigan Head & Spine Institute, PC v State Farm Mut Auto Ins Co, 299 Mich App 442, 447-449; 830 NW2d 781 (2013)*. If an injured party waives a PIP claim, a service provider's remedy is to seek payment from the injured person. [***38] *Id. at 449-450*.

We conclude on the basis of the foregoing analysis that there is such an identity between the providers' and Moody's claims that consolidation for trial resulted in merging the claims for purpose of determining the amount in controversy under *MCL 600.8301(1)*. Because the providers' claims are derivative of Moody's claims, the consolidated claims are the equivalent of a single plaintiff asserting multiple claims against a single defendant. See *Boyd, 132 Mich App at 781*.

In sum, Home Owners did not waive its objection to the district court's jurisdiction by initially moving to consolidate the claims of Moody and the providers. The fact that the providers' combined claims were within the district court's $25,000 jurisdictional limit does not cure the jurisdictional defect arising from consolidating the providers' claims with those of Moody given that the amount in controversy with regard to the consolidated claims clearly exceeded the district court's $25,000 subject-matter jurisdiction. *MCL 600.8301(1)*. The entire judgment that included both the providers' and Moody's claims was void. *Fox, 375 Mich at 242*; *Jackson City Bank & Trust*

2:15-cv-10857-LJM-MKM   Doc # 1-2   Filed 03/06/15   Pg 20 of 22   Pg ID 31

Page 19 of 21

304 Mich. App. 415, *443; 849 N.W.2d 31, **49; 2014 Mich. App. LEXIS 364, ***38

*Co, 271 Mich at 544*. Also, as discussed next, the circuit court did not err [***39] by finding that Home Owners was denied a fair trial by counsel's improper remarks, which independently warranted reversal and remand for a new trial concerning the providers' claims. *Reetz v Kinsman Marine Transit Co, 416 Mich 97, 100-103; 330 NW2d 638 (1982)*.

[*444] IV. DOCKET NOS. 301783 AND 301784: COUNSEL MISCONDUCT

A. PRESERVATION

Moody and the providers argue that Home Owners failed to preserve this issue for appeal and, in fact, waived the issue. Appellants contend that while Home Owners asserted in the trial court and on appeal in the circuit court that alleged attorney misconduct entitled it to a directed verdict, Home Owners did not request a new trial in either court. We disagree.

Contrary to appellants' argument, Home Owners preserved for appeal the issue of Moody's counsel's improper remarks to the jury when Home Owners objected and obtained a ruling on the issue from the trial court. *HN21* Generally, an issue is properly preserved [***40] if it is raised before, addressed by, or decided by the lower court or administrative tribunal. *General Motors Corp v Dep't of Treasury, 290 Mich App 355, 386; 803 NW2d 698 (2010)*. And, in *Reetz, 416 Mich at 101-102*, the Court referred to the appellate preservation requirement as the "no objection—no ruling—no error presented" rule. *Reetz* could be read as generally requiring a request for a curative instruction or a motion for a mistrial to preserve appellate review of remarks by counsel. But appellate review without such actions may be granted when counsel's remarks are so improper that they might have denied a party a fair trial. *Id. at 100*. Thus, "incurable errors are not shielded from appellate review because an attorney fails to request what in that case would be a futile instruction." *Id. at 101*.

[**49]  In these cases, the district court judge abdicated both her responsibility to control the trial proceedings, *MCR 2.513(B)*, and to instruct the jury regarding the law, *MCR 2.512(B)*. See *Reetz, 416 Mich at 103 n 9* ("[T]he [*445] trial court has a duty to assure that all parties who come before it receive a fair trial. Consequently, if counsel exceeds the proper bounds of argument, a judge should interrupt to correct counsel [***41] and take any curative measures which are necessary."); *Badalamenti v William Beaumont Hosp-Troy, 237 Mich App 278, 293; 602 NW2d 854 (1999)* ("The trial court has a duty to assure that the parties before it receive a fair trial."). It is apparent from the record that the district court judge presiding over Moody's case simply allowed Moody's counsel to present conflicting views on an irrelevant issue and that a defense request for a curative instruction would have been futile. Although a motion for a mistrial would have been appropriate, it was not mandatory. *Reetz, 416 Mich at 102*. As a result, this record demonstrates that Home Owners' counsel sufficiently preserved for appellate review the issue of improper remarks of counsel.

B. STANDARD OF REVIEW

*HN22* Appellate review of claims of misconduct by counsel is de novo to determine whether a party was denied a fair trial. See *Reetz, 416 Mich at 100*. Analysis of such claims requires two steps: (1) did error occur and (2) does it require reversal. *Id. at 102-103*; *Hunt v Freeman, 217 Mich App 92, 95, 550 NW2d 817 (1996)*. "A lawyer's comments will usually not be cause for reversal unless they indicate a deliberate course of conduct aimed at preventing a fair and impartial trial or where counsel's remarks were [***42] such as to deflect the jury's attention from the issues involved and had a controlling influence on the verdict." *Ellsworth v Hotel Corp, 236 Mich App 185, 191; 600 NW2d 129 (1999)*. Stated otherwise, "[r]eversal is required only where the prejudicial statements of an attorney reflect a studied [**446]

304 Mich. App. 415, *446; 849 N.W.2d 31, **49; 2014 Mich. App. LEXIS 364, ***42

purpose to inflame or prejudice a jury or deflect the jury's attention from the issues involved." *Hunt, 217 Mich App at 95*. Proper instructions to the jury will cure most, but not all, misconduct by counsel. *Reetz, 416 Mich at 105-106*.

On this issue, the circuit court sitting in its appellate capacity also made a pertinent finding of fact: "Counsel for Moody purposely injected an irrelevant issue to prejudice [Home Owners] and to erroneously suggest to the jury that [Home Owners] may not be liable for any of the claims and can recover from a third-party source." **HN23** A lower court's finding of fact is reviewed on appeal for clear error. *MCR 2.613(C)*. "A finding is clearly erroneous if the reviewing court, on the whole record, is left with the definite and firm conviction that a mistake has been made." *Hughes v Almena Twp, 284 Mich App 50, 60; 771 NW2d 453 (2009)*.

## C. DISCUSSION

Based on our determination [***43] that the judgment entered in these cases is void, this issue may be moot. **HN24** An issue is moot when a judicial determination cannot have any practical legal effect on the existing controversy. *People v Richmond, 486 Mich 29, 34-35; 782 NW2d 187 (2010)*. But this Court "may review a moot issue if it is publicly significant and likely to recur, yet may evade judicial review." *General Motors Corp, 290 Mich App at 386*. That is the case here. We conclude that the circuit court did not clearly err regarding the facts and did not commit legal error by concluding that the improper remarks of Moody's counsel, in [**50] which the providers' counsel joined, denied Home Owners a fair trial, thus warranting reversal and remand for a new trial.

[*447] Moody's appellate counsel concedes for the purposes of this appeal that his trial counsel's comments regarding the assigned claims facility were "either wrong or irrelevant." We agree that counsel's arguments were both wrong and

irrelevant. Home Owners' policy insuring Moody's father requires it to pay Moody PIP benefits if Moody were determined to be "domiciled in the same household" as his father. *MCL 500.3114(1)*. **HN25** The assigned claims facility is [***44] not liable for no-fault benefits unless

> no personal protection insurance is applicable to the injury, no personal protection insurance applicable to the injury can be identified, the personal protection insurance applicable to the injury cannot be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss, or the only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed. *MCL 500.3172(1)*.]

Furthermore, the insurer to which a claim is assigned, if it pays benefits, "is entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility." *Id*.

This record supports that the circuit court did not clearly err by holding that Moody's counsel "purposely injected an irrelevant issue to prejudice [Home Owners] and to erroneously suggest to the jury that [Home Owners] may not be liable for any of the claims and can recover from a third-party source." This finding warrants granting a new trial. *Ellsworth, 236 Mich App at 191*; [***45] *Hunt, 217 Mich App at 95*. The district court judge "failed to instruct the jury to ignore these references [*448] and the references were so numerous that it is doubtful any instruction would have been effective." *Reetz, 416 Mich at 106*.

As noted already, appellants' arguments regarding preservation fail. Appellants' arguments regarding

304 Mich. App. 415, *448; 849 N.W.2d 31, **50; 2014 Mich. App. LEXIS 364, ***45

waiver and due process must also fail. Home Owners did not and could not waive the circuit court's authority to grant appropriate relief on appeal of improper remarks of counsel that deny a fair trial. Although Home Owners requested in the district court and on appeal to the circuit court that a verdict be directed in its favor, rather than requesting a new trial, the underlying issue of counsel misconduct was nonetheless preserved and presented on appeal. Appellants' contention that they were denied due process regarding this issue is without merit. The essential requisites of procedural due process are adequate notice, an opportunity to be heard, and a fair and impartial tribunal. *Hughes, 284 Mich App at 69*. Appellants received ample notice and opportunity to be heard on this issue, and nothing suggests that the circuit court was not fair and impartial. Thus, appellants were not denied due process of law.

Moreover, [***46] the circuit court possessed the authority to grant a new trial. **HN26** *MCR 7.112* provides that in its appellate capacity "the circuit court may grant relief as provided in *MCR 7.216*," which in turn provides in pertinent part that the Court of Appeals may, "in its discretion, and on the terms it deems just" enter "any judgment or order or grant further or different relief as the case may require[.]" *MCR 7.216(A)(7)*. Misconduct by a party's attorney that denies another party a fair [**51] trial is a basis for granting a new trial. See *MCR 2.611(A)(1)(a)* and *(b)*; *Reetz, 416 Mich at 100*; *Badalamenti, 237 Mich App at 289-290*. Consequently, we [*449] affirm the circuit

court's alternative basis for granting Home Owners relief in these cases.

V. CONCLUSION

In all three cases, we affirm the circuit court's ruling that the district court lacked subject-matter jurisdiction under *MCL 600.8301(1)*. Consequently, the district court judgments are void, and we affirm the circuit court orders vacating those judgments.

We also hold that all no-fault claims for benefits due a single injured party based on the same accidental injuries must be aggregated for the purpose of determining compliance with the district [***47] court's subject-matter jurisdiction under *MCL 600.8301(1)*. Consequently, we affirm the circuit court's order vacating the judgment for the providers in Docket No. 301783.

Finally, we affirm the circuit court's determination in Docket Nos. 301783 and 301784 that counsel misconduct denied Home Owners a fair trial and independently warranted reversal and remand for new trial.

We remand to the circuit court for further proceedings consistent with this opinion. As the prevailing parties, appellees may tax costs under *MCR 7.219*. We do not retain jurisdiction.

/s/ Jane E. Markey

/s/ E. Thomas Fitzgerald

/s/ Donald S. Owens